NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALWINDER SINGH TUNG, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GAVIN NEWSOM; et al.,[*] <br><br> Defendants-Appellees. | No. 16-17303 <br><br> D.C. No. 1:13-cv-00269-DAD-EPG <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 11, 2019[***]

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

California state prisoner Balwinder Singh Tung appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

conditions of confinement and deliberate indifference claims under the Eighth

---

[*] Gavin Newsom has been substituted for his predecessor, Edmund G. Brown, Jr., as Governor of California under Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Amendment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Tung's individual capacity claims related to the alleged heightened exposure to Valley Fever, because it would not have been clear to every reasonable official that housing Tung in prisons in the Central Valley, where Valley Fever is endemic, was unlawful under the circumstances.  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (explaining two-part test for qualified immunity); *Hines v. Youseff*, 914 F.3d 1218, 1229-30 (9th Cir. 2019) (existing Valley Fever cases did not clearly establish a "right to be free from heightened exposure to Valley Fever spores").

The district court properly dismissed Tung's individual capacity claims related to alleged overcrowding and exposure to secondhand tobacco smoke, because Tung failed to allege facts sufficient to state a plausible claim.  *See Helling v. McKinney*, 509 U.S. 25, 34-36 (1993) (describing required showing for a deliberate indifference claim related to exposure to secondhand smoke); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) ("Only when overcrowding is combined with other factors such as violence or inadequate staffing does overcrowding rise to an [E]ighth [A]mendment violation.") *see also*

2

*Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Tung's official capacity claims against defendants as barred by Eleventh Amendment immunity. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies, including the department of prisons); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits are "another way of pleading an action against an entity of which an officer is an agent").

**AFFIRMED.**